UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN Re: | ) | |
| | ) | |
| Cynthia S. Southhall, | ) | Case No. 07-00115-TOM-13 |
| | ) | |
| Debtor. | ) | |
| Cynthia S. Southhall, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 08-00128-TOM |
| | ) | |
| Check Depot, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION and ORDER GRANTING MOTION TO DISMISS

This adversary proceeding is before the Court following a hearing on June 23, 2008 on the Motion to Dismiss (adv. proc. doc. no. 5[1]) filed by Alabama Cash Services, Inc., d/b/a Check Depot (the "Defendant" or "Creditor"). Appearing at the hearing were counsel for the Plaintiff/Debtor and counsel for the Defendant. At the hearing, the Court entered a scheduling order (adv. proc. doc. no. 8) setting forth certain deadlines for subsequent pleadings. Accordingly, pursuant to the Court's scheduling order, the Debtor filed a Response to Defendant's Motion to Dismiss (adv. proc. doc. nos. 10, 12) and the Defendant filed a Reply to the Plaintiff's Response to Defendant's Motion to Dismiss (adv. proc. doc. no. 13). After the deadline for post-hearing pleadings, the Plaintiff filed an Amended Complaint (adv. proc. doc.

---

[1] Pleadings filed in this adversary proceeding are referred to by "adv. proc. doc. no." while pleadings filed in the main bankruptcy case are simply referred to by "doc. no."

1

no. 15) simply correcting a filing oversight to include a page inadvertently left out from the original filing of the Complaint[2]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b). This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The Court has considered the pleadings, the arguments of counsel and the law and finds and concludes as follows[3].

## FINDINGS OF FACT[4]

There are no disputed facts. On January 9, 2007, Cynthia S. Southhall (the "Debtor") individually filed for Chapter 13 relief (case no. 07-00115). On Schedule F, the Debtor listed an unsecured debt to Check Depot #3 in the amount of $260.02 for a cash advance in 2003. On January 19, 2007, the Creditor[5] filed an unsecured proof of claim, claim number 4, in the Debtor's case in the amount of $244.04 (the "Claim"). On the face of the Claim, the Creditor included the Debtor's full social security number.

On May 15, 2008, more than 15 months after the Claim was filed, the Debtor filed an Ex Parte Emergency Motion to Restrict Public Access to Claim or in the Alternative to Seal, Delink, Disable, or Remove Proof of Claim No. 4 (the "Motion to Seal") (doc. no. 73). The Motion to Seal provided that the Creditor's Claim revealed "personal data identifiers and other sensitive, non-public information about the Debtor in a public records forum" in violation of 11 U.S.C. §

---

[2] It appears to the Court that the missing page was missing only from the Court's docket and not from the copy of the Complaint served on the Defendant because the Defendant's pleadings, filed prior to the amended Complaint, reference allegations contained on the missing page.

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of the contents of its own files. See ITT Rayonier, Inc. v. U.S., 651 F.2d 343 (5th Cir. 1981).

[5] Presumably Check Depot #3 and the Creditor are one and the same as the Claim as filed shows Check Depot #3 and the address listed on the schedules crossed out and corrected name and address information written in on the face of the Claim.

107 and sought relief to protect the personal information contained in the Claim.  On May 16, 2008, the Court entered an order (doc. no. 74) granting the  Motion to Seal in which the Court held that the Creditor "may prepare a new Claim deleting or redacting all personal information before filing that Claim in the Court's Electronic Database" and struck the original claim, making it unavailable to the public.  On June 13, 2008 the Creditor filed a new claim, claim number 23, for $289.26[6] which includes only the last four digits of the Debtor's social security number.

Also on May 16, 2008, the Debtor filed this adversary proceeding against the Defendant, alleging violation of the Bankruptcy Code and contempt, invasion of privacy, and violation of the Gramm-Leach-Bliley Act (the "GLBA") (case no. 08-00128).  One month later, on June 16, 2008, the Defendant filed this Motion to Dismiss (adv. proc. doc. no. 5).  In the Motion to Dismiss, the Defendant alleges that it cannot be held liable for filing a proof of claim that does not comply with FRBP 9037 or for willful disregard of 11 U.S.C. § 107 because FRBP 9037 was not in effect on January 19, 2007, when the Claim was filed. Also in the Motion to Dismiss, the Creditor asserts that it cannot be liable for invasion of privacy because the personal information in the case cannot be regarded as "substantially certain" to become publicized.  Finally, the Creditor asserts that Congress did not create any private right of action in the GLBA, and therefore, the alleged GLBA violation is due to be dismissed.[7]

After proper notice, a hearing was held on June 23, 2008.  As noted above, at the hearing, the Court set deadlines for the parties to file briefs or reply briefs and provided that the Court

---

[6] The Court does not know why the Creditor's claim increased from $244.04 to $289.26.

[7] The Court notes that another judge in this division has granted the Defendant's motion to dismiss in four adversary proceedings which were substantially the same as this one.  Also, the Court notes, that in open court

3

would take the matters under submission after the deadline and rule based on the pleadings (the
"Order") (adv. proc. doc. no. 8). In accordance with the Order, the Debtor filed a response to the
Creditor's motion to dismiss on July 14, 2008 (docs. no. 10, 12). In the response, the Debtor
alleges that the Court's own website makes it a requirement, not an option, that personal
information be partially redacted before filing a document either traditionally or electronically
and the mere fact that the Creditor failed to make said redaction gives rise to contemptuous
behavior. The Creditor filed a reply to the Debtor's response on July 28, 2008, in which the
Creditor asserts that the Debtor failed to allege sufficient law and facts to support her claim for
relief and argues that the adversary proceeding is due to be dismissed (doc. no. 13).

## CONCLUSIONS OF LAW

In the Complaint, the Debtor seeks damages for violation of section 107 of the
Bankruptcy Code, for contempt pursuant to section 105 of the Bankruptcy Code, for invasion of
privacy and for violation of the GLBA. The Court will deal with each allegation separately.

To dismiss a case under Bankruptcy Rule 7016(b)(6), the Court must find that the
plaintiff/debtor "can prove no set of facts in support of his claim which would entitle him to
relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

### I. Violation of Section 107 and Contempt Pursuant to Section 105

The Debtor contends that the Defendant violated section 107 by filing the Claim with the
Debtor's full social security number. Section 107, however, addresses the operation of the court,
not the behavior of parties who appear before it. Section 107 grants power to the court to limit
public access to papers. Specifically, section 107(c) grants the court the power, for cause, to

---

before the other judge in those adversary proceedings, Plaintiff's counsel withdrew her count based upon the GLBA.

4

protect certain information to the extent the court finds that the disclosure of such information would create an undue risk of identity theft.  This Court used its power pursuant to section 107 when it entered its order on May 16, 2008 striking the Claim and directing the Defendant to file a new claim with the information properly redacted.  Section 107 does not give rise to a private cause of action; rather, it grants power to the Court to restrict the filing of certain information, for cause.  Cause was shown here and the information was struck.  There is nothing further for the Court to do with respect to section 107 in this case.

Specific filing requirements, with respect to personal information, are found in Rule 9037 of the Federal Rules of Bankruptcy Procedure.  Rule 9037(a) requires that parties filing an electronic or paper filing with the Court file only certain specific personal information, unless the court orders otherwise.  Specifically, in a filing that contains an individual's social security number, the filing party may only include the last four digits of the social security number.  F.R.B.P. 9037(a)(1).  Rule 9037, however, did not become effective until December 1, 2007.  Since the Claim was filed on January 19, 2007, before Rule 9037 was effective, the Defendant could not have and did not violate Rule 9037.

Plaintiff argues in her brief that Defendant violated the court's own policy and cites a document on the court's website.  That document entitled "Information Regarding E-Government Act Privacy Requirements" is just that – information about filing documents pursuant to federal legislation.  That document does not appear to be an Order and is not signed by a judge of this court.  Thus, no cause of action can arise from that document.

In the Complaint, the Debtor also seeks a finding of contempt based on the alleged violations of the Bankruptcy Code and Bankruptcy Rules.  Section 105(a) provides that the Court

5

can issue any orders or judgments that are "necessary or appropriate" to carry out the Bankruptcy Code. In the Complaint, the Debtor asks that the Court use its "inherent ability to enforce the Code, the Court's orders, [and] rules" to "prevent the abuse of process" and find the Defendant in contempt. As noted above, the Defendant has not violated any provision of the Code, the Court's orders or the Bankruptcy Rules, in effect at the time the Claim was filed. The Court therefore finds that this count must be dismissed.

    II.   Invasion of Privacy

The Debtor's assertion that filing the Claim with her full social security number amounts to an invasion of privacy is unfounded. Under Alabama law, to prevail on a claim of invasion of privacy, based on an alleged publication of personal information, the Debtor must show that the matter publicized, her social security, would be highly offensive to a reasonable person and the matter publicized was not of legitimate public concern. See Ex Parte Birmingham News, Inc., 778 So.2d 814 (Ala. 2000). Such a claim can succeed only if the Debtor can prove that the matter was publicized. Id. at 818. The Debtor has failed to allege any facts that would support a finding that the matter was publicized. To the contrary, while the Claim was filed with this Court via the electronic filing system, such information is only available to parties who take affirmative actions to seek out the information. There are three ways to view information filed in any particular debtor's case. For access to the Court's electronic database, parties must be licensed to practice law and must register with the Court and obtain a login and password. As officers of the Court, that an attorney may have had access to this information does not pose a risk to the Debtor. Other creditors of the Debtor already had access to this information. The notice of the section 341 meeting of creditors that was mailed to all of the Debtor's creditors

6

contained the Debtor's full social security number as required by Rule 2002(a)(1) of the Federal Rules of Bankruptcy Procedure. The 341 notice accessible in PACER is a redacted notice pursuant to Rule 9037 and contains only the Debtor's last four digits of her social security number. The final way to gain access to the bankruptcy file is to physically visit the Clerk's Office and use the computers provided to the public there. While it would appear that public access is freely granted to case files, if sought out, the likelihood that any member of the public viewed the Debtor's file is remote. The Clerk's Office sees little foot traffic, very few members of the public access the Court's electronic database in the Clerk's Office. Further, the Debtor has not asserted or alleged that anyone actually sought out and viewed the Debtor's personal information nor has she asserted that she suffered any damages as a result of the filing of the Claim. The Court therefore finds that the information was not in fact "publicized" and did not constitute an invasion of privacy. This count therefore is due to be dismissed.

III. Violation of Gramm-Leach-Bliley Act

The final allegation contained in the Complaint alleges a violation of Title 15, section 6801 of the GLBA. Courts have consistently held that there is no private cause of action created by Congress in the GLBA. See Dunmire v. Morgan Stanley DW Inc., 475 F.3d 956 (8th Cir. 2007) (listing numerous cases holding the same). Because there is no private cause of action under the GLBA, this count must also be dismissed as failing to state a claim upon which relief can be granted.

7

Based on the foregoing, it is ORDERED ADJUDGED and DECREED that the Defendant's Motion to Dismiss shall be and hereby is GRANTED, this Adversary Proceeding is DISMISSED and shall be closed after the appeal time has expired.

Dated this the 19th day of December, 2008.

        /s/ Tamara O. Mitchell
        United States Bankruptcy Judge